UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE A. BOYLE, individually and on behalf of those similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>TOYOTA FINANCIAL SERVICE, ICU RECOVERY LLC, SERGIO AGOSTHINO, JOHN DOES 1-10, ICU RECOVERY AND TRANSPORTATION INC, and ICU RECOVERY LLC,<br><br>                Defendants. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

      PLEASE TAKE NOTICE that, on this date, defendant Toyota Motor Credit Corporation[1] ("TMCC"), by and through its attorneys, Holland & Knight LLP, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a)-(b), 1446, and 1453 because this is a putative class action with more than 5,529 putative class members, an amount in controversy in excess of $5,000,000, and minimal diversity:

**RELEVANT FACTS**

      1.     On or about July 18, 2017, plaintiff Christine A. Boyle filed an action against Toyota Financial Service and other defendants by filing a Complaint and Jury Demand, and Demand for Injunctive Relieve ("Complaint") (attached as Exhibit A) in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-2652-17. Service of the Complaint was not properly made by the Plaintiff because the Complaint was mailed to a P.O.

---

[1] Toyota Motor Credit Corporation is incorrectly named as "Toyota Financial Service" in Plaintiff's complaint.

Box out of state without first establishing that reasonable efforts had been made to personally serve TMCC and that service could not be effected at TMCC's offices or registered agents.

2.  Plaintiff alleges claims under the New Jersey Consumer Fraud Act, the New Jersey Uniform Commercial Code, and sought class certification of claims against TMCC for damages arising from allegedly charging improper access fees to lessees, fees and costs, punitive damages, and interest. *See* Compl. at 4.[2]

3.  Plaintiff seeks to prosecute this action on behalf of a putative class consisting of:

    a. All consumers who had a vehicle financed with TMCC, which vehicle was repossessed and the consumer charged a fee to access their vehicle and goods;

    b. From the date Plaintiff was charged such an access fee to the same date at least six years earlier.

*See* Complaint ¶¶ 18-19.

4.  On October 3, 2017 TMCC agreed to waive service of the Complaint, and the parties stipulated to extend TMCC's time to answer or otherwise respond to the Complaint until November 27, 2017. A copy of the stipulation is attached hereto as Exhibit B.

5.  As of November 2, 2017, no other pleadings or papers have been filed with the New Jersey Superior Court, and no other parties have been joined or served as defendants in this matter.

6.  The United States District Court for the District of New Jersey embraces the place

---

[2] Toyota assumes the allegations in Plaintiff's Complaint as true for the purposes of this Notice of Removal only. *See Sportscare of Am. V. Multiplan, Inc.*, No. 10-4414, 2011 WL 223724 (D.N.J. Jan. 24, 2011) at *4. Toyota reserves its right to otherwise contest Plaintiff's allegations in this litigation. For example, Toyota does not agree that the class should be certified, that the putative class members have a valid claim, or that any access fee charged violated the law.

2

where the State Court Action is pending.

## TIMELINESS OF REMOVAL

7. The Complaint does not claim a prayer for a specific amount of damage. Accordingly, the time to remove as required by 28 U.S.C. § 1446(b) was not triggered. *See* 28 U.S.C. 1446(b)(1); *Portillo v. Nat'l Freight Inc.*, 169 F. Supp. 3d 585, 594 (D.N.J. 2016).

8. TMCC has conducted its own investigation concerning the amount in controversy based upon Plaintiff's allegations of the amount of damages Plaintiff individually incurred, and the statutory penalties Plaintiff alleges she is entitled to receive. As further explained in Paragraphs 18-25, *infra*, and the Declaration of Stephen S. Sanchez ("Sanchez Dec."), TMCC's investigation revealed that the amount in controversy exceeds the $5,000,000 required under CAFA.

9. This removal is timely because it is (i) filed upon TMCC's discovery that the action meets the requirements of CAFA, *see Portillo*, 169 F. Supp. at 595-96, and (ii) within 30 days after service was accepted, *see id.* at 593.

## CAFA REQUIREMENTS ARE MET

10. This action is properly removable under 28 U.S.C. § 1441(a) because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(d)(2), also known as the Class Action Fairness Act ("CAFA"). Section 1332(d)(2) provides in pertinent part:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

  (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

THERE IS MINIMAL DIVERSITY

11. Plaintiff is a citizen of the State of New Jersey. *See* Compl. at 1.

12. TMCC is a California corporation with its principal place of business in Plano, Texas. *See* Sanchez Dec. ¶ 6. Therefore, for diversity purposes, TMCC is a citizen of the state of California and Texas. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

13. Accordingly, there is minimal diversity as required by 28 U.S.C. § 1332(d)(2) because there is diversity of citizenship between at least one proposed class member and at least one defendant.

THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

14. Plaintiff's action as filed in New Jersey State Court allegedly qualifies as a class action pursuant to New Jersey law. *See* N.J. Ct. R. R. 4:32-1; Compl. at ¶¶18-23.

15. Plaintiff seeks to certify a class consisting of consumers who have been charged a fee by TMCC to access their repossessed vehicles from at least the same date Plaintiff was charged such a fee to at least six years earlier. *See* Compl. at ¶ 19.

16. Available records indicate that 5,529 vehicles have been repossessed in New Jersey between November 2015 – October 2017. This is an average of 2,885 vehicles a year. Applying this average to the full six-year span alleged by the plaintiffs suggest the class may be as large as 17,308 claimants. Subject to further records becoming available, we estimate the class may be as large as 17,308 claimants.[3] *See* Sanchez Dec. at ¶ 10.

---

[3] This number will be subject to refinement since it is not yet clear how many of the repossessed vehicles were charged access fees or if the plaintiff's notice issues apply to all of the potential class members.

THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

17. The aggregate amount in controversy exceeds $5,000,000 for the putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

18. For CAFA jurisdiction, where a Plaintiff fails to allege a specific amount in controversy on the face of the Complaint, a defendant may undertake its own investigation to determine whether the amount in controversy exceeds $5,000,000. *See Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2011 WL 5557528, at *3 (D.N.J. Nov. 15, 2011) ("With respect to the amount in controversy, the Third Circuit has held that an uncabined damage request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million…is sufficient to establish the amount in controversy for CAFA purposes.").

19. Plaintiff claims damages based on the fees charged by TMCC to access a repossessed vehicle. *See* Compl. ¶ 19. This access fee, as charged by TMCC for the relevant times stated in the Complaint equals $25.00. *See* Sanchez Dec. ¶ 9, Exh. A.

20. Plaintiff claims a violation of the New Jersey Consumer Fraud Act, which allows a prevailing Plaintiff to recover treble damages. *See* Compl. ¶ 7; N.J.S.A. 56:8-19.

21. Plaintiff further claims a violation of Article 9 of the New Jersey Uniform Commercial Code, which allows a prevailing Plaintiff to recover statutory penalties of $500.00 per claim. *See* Compl. ¶ 8; N.J.S.A. 12A:9-625.

22. Additionally, Plaintiff seeks attorneys' fees, which are recoverable under the New Jersey Consumer Fraud Act and considered in the calculation of the amount of controversy for CAFA jurisdiction. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (recognizing attorney's fees may amount to as much thirty percent of the judgment).

23.     And, Plaintiff seeks punitive damages which, under New Jersey law, are capped at up to five times the compensatory damages.  N.J.S.A. § 2A:15-5.14(b).  Punitive damages are also considered in calculating the amount in controversy for CAFA jurisdiction.  *Frederico v. Home Depot*, 507 F.3d at 199.

24.     As the putative class described alleged by Plaintiff contains may contain as many as 17,308 claimants, the amount in controversy exceeds $5,000,000.  *See Lawton v. Basic Research, L.L.C.*, No. 10-6341, 2011 WL 1321567, at 4, n.9 (D.N.J. Apr. 4, 2011) (explaining that "subject matter jurisdiction analysis must be performed with the information provided in the complaint, notice of removal, and jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where...those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice") (quotations and citations omitted).

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

25.     TMCC is not a citizen of New Jersey, so the exceptions to CAFA jurisdiction at 28 U.S.C. 1332(d)(3)-(4) do not apply.  Additionally, courts in the Third Circuit have recognized the propriety of CAFA jurisdiction over claims of violations of New Jersey statutes, including the New Jersey Consumer Fraud Act.  *See generally, e.g., Hoffman v. Nutraceutical Corp.*, Civil No. 12-5803-ES-SCM, 2013 WL885169 (D.N.J. Jan. 24, 2013) (finding court had CAFA jurisdiction over New Jersey Consumer Fraud Act claims so long as amount in controversy requirement was met); *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) (same).

26.     Accordingly, this case is properly removable under CAFA because the CAFA requirements are met and no exception to CAFA jurisdiction applies.

27.     TMCC reserves all rights, claims, and defenses relative to the action filed by

6

Plaintiff and expressly does not waive any defense available in filing this notice.  Further, TMCC expressly does not waive its right to move to compel arbitration pursuant to the arbitration provision of the lease agreement at issue in the Complaint.

28.     Pursuant to 28 U.S.C. § 1446(d), TMCC will promptly serve this Notice of Removal upon all parties and shall promptly serve a copy thereof upon the clerk of the Superior Court of New Jersey, Law Division, Union County.

29.     **WHEREFORE**, the defendant, Toyota Motor Credit Corporation, respectfully requests that the matter designated by the Complaint be removed to the United States District Court for the District of New Jersey, and proceed before this Court as an action properly removed.

Dated: November 2, 2017
        New York, New York

>                         Respectfully submitted,
>
>                         HOLLAND & KNIGHT LLP
>
>
>                         /s/ John M. Toriello
>                         John M. Toriello
>                         Christine N. Walz
>                         31 West 52nd Street
>                         New York, New York 10019
>                         Tel. (212) 513-3200
>                         Fax  (212) 385-9010
>                         john.toriello@hklaw.com
>                         christine.walz@hklaw.com
>
>                         *Attorneys for Defendant Toyota Motor Credit Corporation*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

      I, John M. Toriello, attorney for the defendant, Toyota Motor Credit Corporation, hereby certify that to the best of my knowledge, information, and belief, the matter in controversy in this case is not the subject of any other action pending in any court (other than the state court action that is the subject of removal), nor of any pending arbitration or administrative proceeding.

Dated:  November 2, 2017
        New York, New York

                                                      /s/ John M. Toriello
                                                      John M. Toriello

#54079594_v3