UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| CHRISTINE A. BOYLE, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA FINANCIAL SERVICES, et al., <br><br> Defendants. | Civil Action No. <br><br> 2:17-cv-10730-ES-SCM <br><br> **ON PLAINTIFF'S MOTION TO REMAND** <br><br> **[D.E. 5]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Christine A. Boyle's ("Ms. Boyle") motion to remand.[1] Defendant Toyota Motor Credit Corporation ("Toyota Motor"), opposed the motion.[2] The Honorable Esther Salas, United States District Judge referred this motion to the undersigned for report and recommendation.[3] The Court has reviewed the parties' respective submissions. For the reasons set forth herein, the undersigned respectfully recommends that Ms. Boyle's motion to remand be **DENIED.**

---

[1] (ECF Docket Entry ("D.E.") 5, Pl.'s Mot.).

[2] (D.E. 11, Defs.' Opp'n).

[3] L. Civ. R. 72.1(a)(2).

**I.     BACKGROUND AND PROCEDURAL HISTORY** [4]

This is a class action arising out of Toyota Motor's alleged collection of impermissible "access fees," after it repossessed cars.[5] According to the Complaint, Toyota Motor required Ms. Boyle to pay fees to access personal goods from her vehicle, which was allegedly a deceptive business practice and/or improper repossession.[6]

On July 18, 2017, counsel for Ms. Boyle filed a class action complaint in New Jersey state court against Toyota Motor and other defendants who have not yet answered or appeared in this case.[7] The Defendant at issue is Toyota Motor Credit Corporation, but Ms. Boyle named the wrong entity in her Complaint.[8] Consequently, Ms. Boyle served Toyota Motor's service mark, Toyota Financial Service ("Toyota Financial") on August 23, 2017, via regular and certified mail to "Toyota Financial Service, P.O. Box 9490, Cedar Rapids, IA 52490-9490."[9] Ultimately, Toyota Motor, the real party in interest, waived service on October 3, 2017.[10]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court had made no finding as to the veracity of the parties' allegations.

[5] (D.E. 1-1, Pl.'s Compl., at ¶ 13, 15) (citing *Jefferson Loan Co. v. Session*, 397 N.J. Super. 520 (App. Div. 2008)).

[6] *Id*.

[7] (D.E. 1-1, Pl.'s Compl.).

[8] (D.E. 2, Def.'s Rule 7.1 Disclosure).

[9] (D.E. 5-9, Return Receipt).

[10] (D.E. 1-2, Stipulation; D.E. 1-3, Sanchez Decl., at ¶ 5).

On November 2, 2017, Toyota Motor filed a Notice of Removal alleging that this is a putative class action with more than 100 class members, minimal diversity, and with an amount in controversy in excess of $5,000,000.[11]

On November 27, 2017, Ms. Boyle filed a motion to remand, arguing that the Court should decline jurisdiction in this matter. Ms. Boyle alleges that Toyota Motor's removal petition was untimely, and void because it failed to serve their co-defendants with the removal petition,[12] and failed to meet its burden to remove under the Class Action Fairness Act.[13] In response, Toyota Motor contends that its removal petition was timely and that it was not required to serve the removal petition on non-adverse co-defendants. Toyota Motor also submitted a declaration to show how it established jurisdiction under Class Action Fairness Act.[14]

## II. LEGAL STANDARD

Under our jurisprudence, a defendant may remove a civil action to the proper federal district court with original jurisdiction.[15] Removal requires an independent ground for subject-matter jurisdiction such as diversity jurisdiction.[16] The Class Action Fairness Act provides original jurisdiction to hear class actions if the class has more than 100 members, the parties are minimally

---

[11] (D.E. 1, Notice of Removal).

[12] (D.E. 5 (citing 28 U.S.C. § 1446(d))).

[13] (D.E. 5-1, Pl.'s Br.).

[14] (D.E. 11, Defs.' Br.).

[15] 28 U.S.C. § 1441.

[16] *Id.*

diverse, and the matter in controversy exceeds the sum or value of $5,000,000.[17] "Generally, a defendant's plausible allegations regarding the amount in controversy will suffice, but if the plaintiff contests or the court questions those allegations, evidence establishing the amount is required."[18] "[T]he burden is on the removing party to show the case belongs in federal court."[19]

When there is an alleged defect in the removal procedure or a lack of subject matter jurisdiction, a party may move to remand the case to state court.[20] Although there is ordinarily a presumption against removal,[21] Congress enacted the Class Action Fairness Act to facilitate class actions in federal court.[22] Consequently, there is a "strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant"[23] and "no antiremoval presumption" exists under the Act.[24]

Under the Class Action Fairness Act, "[A]ny defendant may remove the entire case—not just the claims asserted against that particular defendant—without the consent of any other

---

[17] 28 U.S.C. § 1332(d)(2), (d)(5)(B).

[18] *Leff v. Belfor USA Group, Inc.*, No. 15-2275, 2015 WL 3486883, at *2 (D.N.J. June 1, 2015).

[19] *Constantino v. Cont'l Airlines, Inc.*, No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[20] 28 U.S.C §1447(c).

[21] *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 598 (D.N.J. 2014)(quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[22] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

[23] *Id.*

[24] *Id.*

defendant."[25] Defendants must file their notice of removal within thirty days after receipt, "through service or otherwise," of the summons and complaint.[26]

In order to trigger the time to remove, a plaintiff must serve process on the proper defendant or receive a valid waiver of service.[27] A plaintiff may serve corporations:

> 'in the manner prescribed by Rule 4(e)(1) for serving an individual' *or* by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.'[28]

Under that Rule, federal courts may apply either the laws of service in the state in which the court sits, or the laws of service in the state of service.[29] In general, as to the federal option for service, "delivery" of the summons and the complaint "does not include service by mail."[30]

With regard to the state law options for valid service, because this Court is located in New Jersey and Ms. Boyle attempted service in Iowa, service is proper if it complies with either New

---

[25] *Farina v. Nokia Inc.*, 625 F.3d 97, 113 n.16 (3d Cir. 2010)(citing 28 U.S.C. 1453)("such action may be removed by any defendant without the consent of all defendants").

[26] 28 U.S.C. § 1441, 1446(b)(1).

[27] 28 U.S.C. § 1446(b).

[28] *Khater v. Puzino Dairy, Inc.*, No. CIV.A. 14-4618, 2015 WL 4773125, at *5 (D.N.J. Aug. 12, 2015)(quoting Fed. R. Civ. P. 4.1(h)(1)).

[29] *Lee v. Genuardi's Family Markets, L.P.*, No. 1:10-CV-01641, 2010 WL 2869454, at *3 (D.N.J. July 19, 2010).

[30] *Id.* (quoting *Signs by Tomorrow–USA, Inc. v. G.W. Engel Co.*, No. 05-4353, 2006 WL 2224416, at *3 (D.N.J. Aug.1, 2006)); *see also Mettle v. First Union Nat'l Bank*, 279 F.Supp.2d 598, 602 (D.N.J.2003).

Jersey or Iowa law. Iowa law requires personal service of a summons and complaint, and its Supreme Court has held that certified mail is "legally insignificant."[31]

In contrast, New Jersey law allows service by mail, but sets forth specific requirements.[32] The most relevant requirement, states that plaintiffs must address service to an authorized recipient if they are serving process on a foreign corporation.[33] Authorized recipients include:

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.[34]

The party asserting the validity of service bears the burden of proof on that issue.[35]

## III. DISCUSSION

With these principles in mind, Ms. Boyle alleges that Toyota Motor's removal petition is void because it is untimely, and because Toyota Motor failed to serve their co-defendants with the

---

[31] *Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 667 (Iowa 1998).

[32] N. J. Ct. R. 4:4-4(c).

[33] N. J. Ct. R. 4:4-4(a)(6).

[34] *Lee,* 2010 WL 2869454, at *3.

[35] *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

6

removal petition.[36]  Additionally, Ms. Boyle contends that Toyota Motor did not meet its burden to remove under the Class Action Fairness Act.[37]

Turning first, to whether Toyota Motor's removal petition was timely, Ms. Boyle contends that the time for removal began on August 24, 2017, when she mailed the Summons and Complaint to a non-entity, Toyota *Financial Service*, at its P.O. Box in Iowa.[38]  A person named "Tom Sullivan" signed for the return receipt.[39]  Toyota Financial, however, is a service mark[40] of Toyota Motor and other discrete companies.

Ms. Boyle bears the burden to establish valid service,[41] but fails to offer any support to conclude that Mr. Sullivan was an authorized recipient under New Jersey law.  Courts have consistently held that "mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to [accept service]."[42]

The record reveals no evidence that Mr. Sullivan held any of those managerial positions or that he was otherwise "authorized by appointment or by law to receive service on behalf of the

---

[36] (D.E. 5-1, Pl.'s Br. at 1–5 (citing 28 U.S.C. § 1446(d))).

[37] (D.E. 5-1, Pl.'s Br. at 6–7).

[38] (D.E. 5-5, Proof of service).

[39] (D.E. 5-9, Return Receipt).

[40] (D.E. 11, Defs.' Br. at 5).

[41] *Grand,* 988 F.2d 476 at 488

[42] *Genuardi's, L.P.*, 2010 WL 2869454, at *3 (quoting *West v. American Honda Motor Co.*, No. 08–0700, 2008 WL 4104683, at *5 (D.N.J. Aug. 28, 2008)).

corporation."[43] Nor is there any indication that Mr. Sullivan may have been "in charge" of "the registered office of the corporation" or "the principal place of business of the corporation" in Iowa or that the Iowa address was one of those locations.[44] Finally, there is no showing that Toyota Motor had "no place of business in [Iowa]" such that service "on any employee of the corporation within [Iowa]" would suffice.[45] Consequently, the Court finds that Ms. Boyle's certified mailing to Toyota Financial did not constitute proper service as to Toyota Motor.

Ultimately, Toyota Motor waived service, but a waiver of improper service "takes effect after a defendant waives services, not when the defendant first received the improper service."[46] Accordingly, the Court finds that Toyota Motor's waiver of service on October 3, 2017, triggered its time to remove. In turn, because it then filed its petition for removal on November 2, 2017,[47] within the 30-day limit,[48] Toyota Motor's removal petition was timely.

Next, Ms. Boyle alleges that the law required Toyota Motor to seek consent of, and serve the Notice of Removal to, all of its co-defendants.[49] However, under the Class Action Fairness

---

[43] N. J. Ct. R. 4:4-4(a)(6).

[44] *Id.*

[45] *Id.*

[46] *Alicea*, 2011 WL 1675036, at 3 (citing *Marina Bay Towers Urban Renewal II, L.P. v. City of North Wildwood*, No. 09-369, 2009 WL 2568203, at 3 (D.N.J. Aug. 13, 2009)); *Lee*, 2010 WL 2869454, at *1).

[47] (D.E. 1, Notice of Removal).

[48] 28 U.S.C. § 1441, 1446(b)(1).

[49] (D.E. 5-1, Pl.'s Br. at 4–5).

Act, "any defendant may remove the entire case—not just the claims asserted against that particular defendant—without the consent of any other defendant."[50]

As to notice, the statute only requires that a defendant provide the notice to "all adverse parties."[51] In this context, "adverse parties" "will usually be the plaintiff or plaintiffs. But there may be others, in certain situations. Co-defendants must sometimes be served, as where a defendant removes an action on the basis of a separate claim."[52]

Ms. Boyle offers no authority for the proposition that other defendants in this matter are "adverse parties." Nothing in the record shows that these defendants,[53] who have not yet appeared and who have not yet answered, were adverse to Toyota Motor. Although it is possible that these Defendants will file cross-claims in the future, and become adverse, they were not "adverse" at the time of removal.

Lastly, Ms. Boyle argues only that Toyota Motor fails to meet the Class Action Fairness Act's $5,000,000 amount in controversy requirement. Ms. Boyle does not dispute that minimal diversity exits and that the proposed class exceeds 100 class members.[54] Instead, Ms. Boyle takes issue with the lack of explanation as to how Toyota Motor calculated the amount in controversy.[55]

---

[50] *Farina*, 625 F.3d at 113 n.16 (3d Cir. 2010)(citing 28 U.S.C. 1453)("such action may be removed by any defendant without the consent of all defendants.").

[51] 28 U.S.C. 1446.

[52] *Thorpe v. Daugherty*, 606 F. Supp. 226, 227 (N.D. Ga. 1985).

[53] (1) Service, ICU Recovery LLC, (2) Sergio Agosthino, (3) ICU Recovery and Transportation Inc., and (4) ICU Recovery LLC.

[54] (D.E. 1-1, Compl., at ¶ 20).

[55] (D.E. 5-1, Pl.'s Br.).

In response to this motion, Toyota Motor filed a declaration explaining their calculations.[56] Toyota Motor conducted an investigation and estimates that it repossessed and charged access fees to approximately 8,294 New Jersey residents.[57] Ms. Boyle is seeking damages based on violations of the New Jersey Consumer Fraud Act and the New Jersey Uniform Commercial Code.[58] Should she prevail, she and her fellow class members would be entitled to treble damages, attorneys' fees, filing fees, reasonable costs, and punitive damages.

Toyota Motor offers detailed calculations to show that the recoverable amount for each plaintiff equals at least $910. Therefore, by multiplying that amount with the estimated class of 8,294 members, the amount in controversy is more than $7,500,000 million, thereby satisfying the $5,000,000 amount in controversy requirement.[59] Ms. Boyle has not objected to these calculations.

Taken together, Toyota Motor has met its burden to establish subject matter jurisdiction under the Class Action Fairness Act and properly removed this case.

## IV.     RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that Ms. Boyle's motion to remand be **DENIED**.[60]

---

[56] (D.E. 10, Kimmons Decl.).

[57] *Id.*

[58] (D.E. 1-1, Compl., at ¶ 18).

[59] (D.E. 11, Def.'s Br., at 8–11).

[60] (D.E. 5, Pl.'s Mot.).

The parties have fourteen days to file and serve any objections to this report and recommendation.[61] "The District Court need not consider frivolous, conclusive, or general objections."[62]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/29/2018 3:33:40 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[61] 28 U.S.C. §636; L. Civ. R. 72.1(c)(2).

[62] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).